UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-635 CAS (AJWx) | | Date | August 14, 2009 |
|---|---|---|---|---|
| Title | ROCK RIVER COMMUNICATIONS, INC. v. UNIVERSAL MUSIC GROUP, INC. | | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:　　　　Attorneys Present for Defendants:

　　　　Not Present　　　　　　　　　　　　　　Not Present

**Proceedings:**　　(In Chambers:) DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (filed 07/23/09)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of August 24, 2009, is hereby vacated, and the matter is hereby taken under submission.

## I.　　INTRODUCTION & BACKGROUND

Plaintiff Rock River Communications, Inc. is a producer, seller, and distributor of music records. TAC ¶ 4. In 2006, plaintiff created certain "remixed" recordings of reggae music originally recorded by Bob Marley and the Wailers between 1969 and 1972 ("the Recordings"). TAC ¶¶ 10, 12. Plaintiff acquired licenses for the Recordings from a company called San Juan Music ("San Juan"). TAC ¶ 11. San Juan allegedly possessed a non-exclusive license for the Recordings that it had acquired from Lee Perry, the original producer of the Recordings. Id.

Defendant, Universal Music Group, Inc., is the owner of Island Records. TAC ¶ 8. Bob Marley recorded for Island Records between 1973 and his death in 1981, and defendant, through Island Records, controls the rights to a large percentage of Marley's recordings Id. Defendant allegedly acquired a non-exclusive interest in the Recordings through its acquisition of Polytel Canada and Sanctuary Records, both of which allegedly possessed non-exclusive rights to the Recordings. TAC ¶¶ 14, 15. Defendant also acquired an allegedly exclusive interest in the Recordings pursuant to a license from a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-635 CAS (AJWx) | Date | August 14, 2009 |
|---|---|---|---|
| Title | ROCK RIVER COMMUNICATIONS, INC. v. UNIVERSAL MUSIC GROUP, INC. | | |

company known as JAD.[1]  TAC ¶ 16.  In October 2007, defendant sent "cease and desist" letters to several distributors of plaintiff's remixed recordings, including some internet-based distributors, asserting that it had exclusive rights to the Recordings and threatening copyright infringement actions.  TAC ¶ 28. Due to these threats, the distributors stopped distributing plaintiff's recordings.  Id.

On January 31, 2008, plaintiff filed a complaint claiming that defendant's "cease and desist" letters violated Section 2 of the Sherman Act and constituted the tort of intentional interference with prospective business advantage.  After defendant filed a motion to dismiss, plaintiff filed its first amended complaint.  On August 25, 2008, this Court granted in part and denied in part defendant's motion to dismiss plaintiff's first amended complaint with leave to amend.  On September 15, 2008, plaintiff filed its Second Amended Complaint.  On December 22, 2008, the Court granted defendant's motion to dismiss with leave to amend.  The Court further granted plaintiff 60 days within which to conduct discovery.

On April 2, 2009, plaintiff filed its third amended complaint ("TAC") alleging claims against defendant for (1) attempting to monopolize the reggae genre of sound recordings in the United States in violation of Section 2 of the Sherman Act, 15 U.S.C. § 2; (2) restraining trade and threatening to create a monopoly in the reggae genre sound recordings market in violation of Section 7 of the Clayton Act, 15 U.S.C. § 18; (3) intentional interference with prospective economic advantage; and (4) knowingly and materially misrepresenting that plaintiff's album infringed defendant's copyright, in violation of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512(f).

On July 23, 2009, defendant filed the instant motion for summary judgment.  On August 10, 2009, plaintiff filed its opposition.  After carefully considering the parties' arguments, the Court finds and concludes as follows.

---

[1] The license provides that "Subject to Clause 2.2, Licensor hereby grants to the Company an exclusive license during the Term and throughout the Territory [defined as 'the World'] to exercise any and all of the rights exercisable by a copyright owner in respect of the entire copyright (whether vested, contingent, or future) and all rights of action and all other rights of whatever nature. . . ."  Groban Decl. Ex. A. at § 2.1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-635 CAS (AJWx) | Date | August 14, 2009 |
|---|---|---|---|
| Title | ROCK RIVER COMMUNICATIONS, INC. v. UNIVERSAL MUSIC GROUP, INC. | | |

O

///
///
///
///

## II.   LEGAL STANDARD

Summary judgment is appropriate where "there is no genuine issue as to any material fact" and "the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each cause of action upon which the moving party seeks judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party has sustained its burden, the nonmoving party must then identify specific facts, drawn from materials on file, that demonstrate that there is a dispute as to material facts on the elements that the moving party has contested. See Fed. R. Civ. P. 56(c). The nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit." Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888 (1990). See also Celotex Corp., 477 U.S. at 324. Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322. See also Abromson v. American Pacific Corp., 114 F.3d 898, 902 (9th Cir. 1997).

In light of the facts presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law. See T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 631 & n.3 (9th Cir. 1987). When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted); Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co., 121 F.3d 1332, 1335 (9th Cir. 1997). Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue. See Matsushita, 475 U.S. at 587.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-635 CAS (AJWx) | Date | August 14, 2009 |
|---|---|---|---|
| Title | ROCK RIVER COMMUNICATIONS, INC. v. UNIVERSAL MUSIC GROUP, INC. | | |

## III.  DISCUSSION

Defendant argues that it is not liable for any of the acts complained of in the TAC based on its status as an indirect corporate parent. Mot. at 4 (citing United States v. Bestfoods, 524 U.S. 51, 61 (1998)). Defendant contends that it is a holding company with no day to day operations. Id. at 5 (citing Ostroff Decl. ¶ 4). Defendant further contends that it "was not, and is not, involved in decisions regarding the exploitation of sound recordings containing the performances of Bob Marley, was not a party to the JAD license referenced in the Complaint, nor was it in any way involved with the enforcement of that license." Id. at 6. Defendant argues that (1) the cease and desist letters were sent by Universal International Music B.V., not defendant and (2) the JAD license is between Graceamber Eneterprises Limited and Universal International Music B.V., not defendant Universal Music Group, Inc. Id. at 6. Defendant further argues that it has repeatedly advised plaintiff that it is not a proper party to this action because it is a mere holding company.[2] Id. at 7-8.

Plaintiff responds that defendant refers to itself on its website as a "family" and "the world's leading music company." Opp'n at 2 (citing www.umusic.com). Plaintiff argues that defendant "cannot reap the benefits of operating as a single dominant global enterprise of interrelated units and divisions while shielding itself from liability by hiding its corporate status." Id. at 3. Plaintiff further argues that the "cease and desist" letter that it received from Phil Cox, on behalf of Universal Music Group International, stated that plaintiff's album

---

[2] Defendant contends that plaintiff has decided to proceed against the "wrong party" because the actual legal entities responsible for the conduct complained of are located in the Netherlands, the United Kingdom, and Canada and are therefore beyond the jurisdiction of this Court. Mot. at 1. Plaintiff responds that this case arises from defendant and its related companies' "numerous contacts" directed at California and that they are therefore subject to jurisdiction in this Court. Opp'n at 10. Plaintiff argues that (1) several of the parties that defendant sent "cease and desist" letters to are located in California; (2) plaintiff anticipated significant sales of its album in California; and (3) plaintiff maintains an office and conducts business in California. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-635 CAS (AJWx) | Date | August 14, 2009 |
|---|---|---|---|
| Title | ROCK RIVER COMMUNICATIONS, INC. v. UNIVERSAL MUSIC GROUP, INC. | | |

> contains extracts from sound recordings performed by Bob Marley listed below ("UMG Repertoire") which are exclusively licensed and/or controlled and owned by Universal International Music B.V. or its affiliated companies (together "Universal Music Group") worldwide. No authorisation has been granted to your company or any third party by the Universal Music Group to exploit the UMG Repertoire as part of the Album. The distribution of the UMG Repertoire as part of the Album infringes the rights controlled by the Universal Music Group.

Id. at 3 (citing Groban Decl. Ex. H). Plaintiff contends that this language plainly demonstrates that defendant, Universal Music Group Inc., asserted that plaintiff infringed its rights. Id.

Plaintiff further responds that although defendant is not a signatory to the JAD license, defendant took steps to enforce the JAD license and interfere with plaintiff's business relationships with third parties. Opp'n at 4. Plaintiff further argues that the JAD license defines Universal Music Group as a single entity

> Universal Music Group of Companies means and includes the Company and any company which is at the time in question a subsidiary or holding company of the Company (as defined in Section 736 of the United Kingdom Companies Act 1985) or a subsidiary of that holding company or a company under common control with the Company. UMG Company means any company within the Universal Music Group of Companies. Universal Music Group Licensees means each of the Company's licensees and sublicensees whose ultimate holding company is under common control with the Company

Id. (citing TAC ¶ 5 & Ex. L). Additionally, plaintiff argues that defendant's production of approximately 3500 documents in this case demonstrates that defendant identifies itself as "one integrated global corporate enterprise." Id. at 5. Plaintiff further argues that because defendant has made a general appearance, defended itself on the merits, and produced documents, defendant has waived the argument that it is not the proper defendant. Id. at 6.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-635 CAS (AJWx) | Date | August 14, 2009 |
|---|---|---|---|
| Title | ROCK RIVER COMMUNICATIONS, INC. v. UNIVERSAL MUSIC GROUP, INC. | | |

Moreover, plaintiff argues that its claims are against defendant, not any subsidiary company. Opp'n at 6. Plaintiff contends that its first claim for relief is for monopolization of the reggae market by defendant. Id. Similarly, plaintiff contends that its second claim for relief is against defendant for acquisitions that were intended to dominate the reggae market and eliminate competitors. Id. at 7.

Additionally, plaintiff argues that defendant may be liable for the acts of its subsidiaries if defendant actively participated in the allegedly illegal conduct or exercises control over its subsidiaries. Opp'n at 7 (citing United States v. Bestfoods, Inc., 524 U.S. 51, 55 (1998)). Plaintiff contends that it as not had an opportunity to conduct any discovery as to defendant's corporate structure. Id. at 9. Plaintiff argues that without the benefit of discovery, it cannot determine at this time if defendant, as the parent corporation, is "completely removed" from the allegedly illegal conduct. Id. at 7.

Lastly, plaintiff argues that naming an improper party is an easily curable pleading defect that does not warrant summary judgment. Opp'n at 10. Plaintiff contends that the appropriate remedy would be leave to amend. Id. at 13.

It appears that defendant is not a proper defendant in this case. The "cease and desist" letters sent by Phil Cox were sent on behalf of Universal International Music B.V. and Cox is an employee of Universal Music Group International Limited, a British entity. Groban Decl. ¶ 4; Ostroff Decl. ¶ 7. The term "Universal Music Group" in the "cease and desist" letters is ambiguous, and could refer to any number of entities. It certainly does not demonstrate that defendant was in any way responsible for the "cease and desist" letters. Similarly, there is no evidence that defendant was a party to, or third party beneficiary of, the JAD license.[3] Groban Decl., Ex. D.

However, plaintiff has submitted a Rule 56(f) declaration, which sets forth discovery that plaintiff requires in order to properly oppose defendant's motion.

---

[3] Paragraph 9 of the JAD license provides that Universal International Music B.V. may assign its rights under the agreement to any company that is "a member of the Universal Music Group of Companies" without obtaining prior approval. Groban Decl., Ex. D ¶ 9. However, plaintiff does not argue that such an assignment was made.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-635 CAS (AJWx) | Date | August 14, 2009 |
|---|---|---|---|
| Title | ROCK RIVER COMMUNICATIONS, INC. v. UNIVERSAL MUSIC GROUP, INC. | | |

Therefore, the hearing on the present motion for summary judgment is continued for 90 days until November 16, 2009, to enable plaintiff to conduct discovery.

## IV.  CONCLUSION

In accordance with the foregoing, the Court hereby CONTINUES this hearing until November 16, 2009 at 10:00 a.m.  Plaintiff shall submit supplemental evidence on or before October 16, 2009, and defendant shall respond thereto on or before October 30, 2009.  Plaintiff has also suggested that it may seek leave to add additional parties as defendants.  If plaintiff determines that it is appropriate to seek such leave in lieu of pursuing Universal Music Group, Inc., it may advise the Court, and the Court will vacate the November 16, 2009 hearing date.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |