UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-635 CAS (AJWx) | Date | October 4, 2010 |
|---|---|---|---|
| Title | ROCK RIVER COMMUNICATIONS, INC. v. UNIVERSAL MUSIC GROUP, INC. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Maxwell Blecher | Eric Tuttle |
| Courtney Palko | David Dinelli |

**Proceedings:** **PLAINTIFF'S MOTION TO ALTERNATIVE MOTIONS TO CONDUCT AN EVIDENTIARY HEARING ON WHETHER PLAINTIFF HAS PRESENTED PRIMA FACIE EVIDENCE THAT DEFENDANTS' NOEER DEFENSE IS SHAM OR, IN THE ALTERNATIVE, TO PRECLUDE THE INTRODUCTION OF EVIDENCE AT TRIAL** (filed 08/30/10)

## I.    INTRODUCTION & BACKGROUND

Plaintiff Rock River Communications, Inc. is a producer, seller, and distributor of music records.  TAC  ¶ 4.  In 2006, plaintiff created certain "remixed" recordings of reggae music originally recorded by Bob Marley and the Wailers between 1969 and 1972 ("the Recordings").  TAC ¶¶ 10, 12.  Plaintiff acquired licenses for the Recordings from a company called San Juan Music ("San Juan").  TAC ¶ 11.  San Juan allegedly possessed a non-exclusive license for the Recordings that it had acquired from Lee Perry, the original producer of the Recordings.  Id.

Defendant Universal Music Group, Inc., is the owner of Island Records.  TAC ¶ 8.  Bob Marley recorded for Island Records between 1973 and his death in 1981, and defendant, through Island Records, controls the rights to a large percentage of Marley's recordings  Id.  Defendant allegedly acquired a non-exclusive interest in the Recordings through its acquisition of Polytel Canada and Sanctuary Records, both of which allegedly possessed non-exclusive rights to the Recordings.  TAC ¶¶ 14, 15.  Defendant also acquired an allegedly exclusive interest in the Recordings pursuant to a license from a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-635 CAS (AJWx) | Date | October 4, 2010 |
|---|---|---|---|
| Title | ROCK RIVER COMMUNICATIONS, INC. v. UNIVERSAL MUSIC GROUP, INC. | | |

company known as JAD.[1]  TAC ¶ 16.  In October 2007, defendant sent "cease and desist" letters to several distributors of plaintiff's remixed recordings, including some internet-based distributors, asserting that it had exclusive rights to the Recordings and threatening copyright infringement actions.  TAC ¶ 28.  Due to these threats, the distributors stopped distributing plaintiff's recordings.  Id.

On January 31, 2008, plaintiff filed a complaint claiming that defendant's "cease and desist" letters violated Section 2 of the Sherman Act and constituted the tort of intentional interference with prospective business advantage.  After defendant filed a motion to dismiss, plaintiff filed its first amended complaint.  On August 25, 2008, this Court granted in part and denied in part defendant's motion to dismiss plaintiff's first amended complaint with leave to amend.  On September 15, 2008, plaintiff filed its second amended complaint.  On December 22, 2008, the Court granted defendant's motion to dismiss with leave to amend.  The Court further granted plaintiff 60 days within which to conduct discovery.

On April 2, 2009, plaintiff filed its third amended complaint ("TAC") alleging claims against defendant for (1) attempting to monopolize the reggae genre of sound recordings in the United States in violation of Section 2 of the Sherman Act, 15 U.S.C. § 2; (2) restraining trade and threatening to create a monopoly in the reggae genre sound recordings market in violation of Section 7 of the Clayton Act, 15 U.S.C. § 18; (3) intentional interference with prospective economic advantage; and (4) knowingly and materially misrepresenting that plaintiff's album infringed defendant's copyright, in violation of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512(f).

On October 16, 2009, plaintiff filed a motion for leave to file a fourth amended complaint, and on November 16, 2009, the Court granted plaintiff's motion.  Thereafter plaintiff filed its fourth amended complaint against defendants UMG Inc., UMG

---

[1] The license provides that "Subject to Clause 2.2, Licensor hereby grants to the Company an exclusive license during the Term and throughout the Territory [defined as 'the World'] to exercise any and all of the rights exercisable by a copyright owner in respect of the entire copyright (whether vested, contingent, or future) and all rights of action and all other rights of whatever nature. . . ."  Groban Decl. Ex. A. at § 2.1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-635 CAS (AJWx) | Date | October 4, 2010 |
|---|---|---|---|
| Title | ROCK RIVER COMMUNICATIONS, INC. v. UNIVERSAL MUSIC GROUP, INC. | | |

Recordings, and UMGI, alleging claims for (1) attempting to monopolize the reggae genre of sound recordings in the United States in violation of Section 2 of the Sherman Act, 15 U.S.C. § 2; (2) restraining trade and threatening to create a monopoly in the reggae genre sound recordings market in violation of Section 7 of the Clayton Act, 15 U.S.C. § 18; (3) intentional interference with prospective economic advantage; and (4) knowingly and materially misrepresenting that plaintiff's album infringed defendants' copyright, in violation of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512(f).

On August 30, 2010, plaintiff filed the instant Alternative Motions to Conduct an Evidentiary Hearing on Whether Plaintiff Has Presented Prima Facie Evidence that Defendants' Noerr Defense is Sham or, in the Alternative, to Preclude the Introduction of Evidence at Trial. Defendants filed an opposition to this motion on September 13, 2010. Plaintiff filed a reply on September 20, 2010. After carefully considering the parties' arguments, the Court finds and concludes as follows.

## II. DISCUSSION

In the instant motion, plaintiff "requests that this Court conduct a limited evidentiary hearing for the purpose of allowing Plaintiff to establish prima facie that Defendants' claimed *Noerr* defense is a sham. If the Court so concludes, then the approximately 140 e-mails during the period from June 13, 2008-October 26, 2008, which Defendants claim as privileged in their entirety, can be ordered produced." Mot. at 1. In the alternative, plaintiff requests that the Court preclude defendant from introducing "any evidence at trial that Defendants would assert in support of their alleged *Noerr* defense." Id.

Plaintiff seeks the emails in question because it believes they will shed light on "who decided what and why" during the period in which "Defendants determined to claim exclusivity and assert a *Noerr* defense." Id. at 2. These emails have previously been the subject of several other motions. On January 12, 2010, Magistrate Judge Andrew Wistrich denied plaintiff's motion to conduct an *in camera* hearing of the documents. This Court affirmed that decision. Id. at 2.

Plaintiff's instant motion is based on the theory that if the Court determines, after

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-635 CAS (AJWx) | Date | October 4, 2010 |
|---|---|---|---|
| Title | ROCK RIVER COMMUNICATIONS, INC. v. UNIVERSAL MUSIC GROUP, INC. | | |

the half-day hearing requested by plaintiff, that defendants' *Noerr-Pennington* defense is a sham, that "at that moment the attorney/client and work product privileges will evaporate so that all material in the litigation will be subject to discovery bearing on further proof or establishment that the litigation is sham." Mot. at 3, citing In re Burlington Northern, Inc., 822 F. 2d 518, 534 (5th Cir. 1987). Moroever, plaintiff asserts that the hearing will promote judicial efficiency because "if the Court finds prima facie evidence of 'sham,' it will obviate the need for a summary judgment hearing on *Noerr-Pennington* since this factual hearing will produce the result that the 'sham' issue involves a factual dispute." Mot. at 4.

If the Court does not grant plaintiff's request for an evidentiary hearing, plaintiff alternatively requests that defendants be precluded from offering evidence in support of their *Noerr-Pennington* defense at trial, based on the contention that UMG's claim that "every single document from June 2008 through October 2008 is protected by the attorney-client privilege . . . effectively precludes cross-examination of any UMG witness and frustrates Plaintiff's ability to prove sham." Id. at 5.

In their opposition, defendants argue that neither of these alternatives is appropriate. First, defendants argue that plaintiff's motion should be denied "because it constitutes a motion for reconsideration [of Magistrate Judge Wistrich's order denying an in camera review of the documents, and of this Court's affirmance of that order], yet meets none of none of [sic] the prerequisites for such a motion." Opp. at 3. Defendants assert that plaintiff has already argued in its previous motions that "Burlingoton Northern provides a basis for ordering disclosure of Defendant's privileged documents," and even that "Burlington Northern would justify conducting an evidentiary hearing to accept prima facie evidence of sham, if the Court was not already convinced that Plaintiff had introduced sufficient evidence." Id. at 2. Therefore, because plaintiff "makes no claim of new law . . . . [n]or does Plaintiff cite any new facts bearing on any issue previously decided[, t]his Court may and should deny this motion at the outset." Id. at 4.

Moreover, defendants argue that Burlington Northern does not provide the relief sought by plaintiff. According to defendants, the court in Burlington Northern considered two separate issues. First, the Court considered whether the assertion of a *Noerr-Pennington* defense waived privileges by "inject[ing] his good faith into the case," and "asserting a defense that puts their attorney/client communications and work product

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-635 CAS (AJWx) | Date | October 4, 2010 |
|---|---|---|---|
| Title | ROCK RIVER COMMUNICATIONS, INC. v. UNIVERSAL MUSIC GROUP, INC. | | |

at issue." Id. at 5-6, citing Burlington Northern, 822 F. 2d at 533. The Court concluded that "[s]uch a rule cannot be justified on the basis of waiver." Opp. at 6 citing Burlington Northern, 822 F. 2d at 533. According to defendants, this 'waiver' argument . . . is the same argument Plaintiff has made consistently in this case" and has been rejected by this Court. Opp. at 6.

The second independent holding in the case, according to defendants, was that "a prima facie showing of sham litigation would trigger the crime/fraud exception in the circumstances of that case, thereby justifying an order requiring production of certain privileged documents." Id. at 7. Defendants argue this holding does not apply to the instant case. Id. First, defendants argue that plaintiff has already "expressly disclaimed any such basis for its request." Id. at 8. Moreover, whereas in Burlington Northern, the parties "agreed that the conduct alleged . . . would, if proven, be sufficient to trigger the crime/fraud exception," in this case defendants assert that "there would be no basis to apply or concede application of the crime/fraud exception here." Id. Defendants argue that the showing offered by plaintiff would be insufficient to affect the privilege under the crime-fraud exception, because under Ninth Circuit law, in order to do so, plaintiff would have to show that defendants were "engaged in or planning a criminal or fraudulent scheme when [they] sought the advice of counsel to further the scheme," by a preponderance of the evidence. Id., citing In re Napster, Inc. Copyright Litig., 479 F. 3d 1078, 1090 (9th Cir. 2006).

Defendants further challenge the propriety of holding an evidentiary hearing on the basis that the question of whether the sham exception applies is a question of law, and therefore "it is totally unclear what the proposed 'evidentiary' hearing could accomplish." Id. at 9. "Defendant intends, at the proper time, to bring a motion for summary judgment demonstrating that its petitioning activities . . . were objectively reasonable. . . . If the Court determines that factual issues preclude summary judgment for Defendant, however, Plaintiff at trial will be required to prove sham by clear and convincing evidence." Id. at 9-10. Therefore, a hearing that determines whether plaintiff can establish a prima facie case would "not solve any relevant question this litigation presents." Id. at 10.

Defendant also argues that plaintiff's alternative request should not be granted. Id. at 10-11. Defendant argues that plaintiff's cases stand only for the proposition that a "plaintiff that withholds materials [cannot] later use those same materials at trial," and not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-635 CAS (AJWx) | Date | October 4, 2010 |
|---|---|---|---|
| Title | ROCK RIVER COMMUNICATIONS, INC. v. UNIVERSAL MUSIC GROUP, INC. | | |

the proposition that "a court should preclude all evidence relating to the subject matter of the documents withheld, let alone all evidence relating to an entire defense or immunity, which is what Plaintiff seeks here." Id. at 11.

In reply, plaintiff argues that its motion is not a motion for reconsideration because the previous orders were based on a finding by the Court "that the allegations of the Third Amended Complaint were just that–allegations and not evidence–and, therefore, did not satisfy the prima facie evidence standard established in In re Burlington Northern, Inc., 822 F. 2d 518, 534 (5th Cir. 1987), as a condition precedent to making the claims of privilege in a sham exception litigation 'evaporate.' The present motion seeks to remedy that and to take the items listed above by the Court–and additional evidence garnered in discovery since–at a hearing which would likely take two hours so that the Court would have an opportunity to declare that . . .the Noerr immunity asserted here is sham." Reply at 2. If the Court does not allow this hearing, plaintiff's alternative ruling is proposed in order to "level[] the playing field. Id. Plaintiffs argue that defendants have placed their good faith in issue by asserting that "a lawyer in the U.K. made the 'exclusivity' decision–a lawyer who defense counsel would not permit to testify at his deposition about anything coming close to his mental or analytical processes." Id. at 3. Plaintiff asserts that it would be fundamentally unfair to allow defendants to "tender a defense and block effective cross-examination because UMG arrogated to itself the right to sequester it internal discussions by a blanket claim of privilege." Id.

Plaintiff also challenges several of defendants' legal arguments. First, plaintiff argues that defendants' assertion that "Burlington Northern is the only federal appellate case which has ruled that, in a sham exception case, where plaintiff establishes prima facie that there is a jusicticable issue, the defendant's claim of attorney-client privilege 'evaporates.' The district court's decision in IT&T [v.United Tel. Co. Of Fl., 60 F.R.D. 177 (1973)] says the same thing albeit with less clarity." Id. at 4. Moreover, plaintiff argues that it is not determined, as defendants suggest, that "clear and convincing" is the correct standard for determining the sham exception at trial. Id. at 4-5. According to plaintiff, the case defendants cite is inapposite because it arises in a patent infringement case, where "there is a presumption of patent validity." Id. at 4. Plaintiff cites several other cases suggesting there is a split in authority as to the correct standard. Finally, plaintiffs argue that the hearing proposed would be significantly more efficient than the summary judgment process proposed by defendants. Id. at 5.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-635 CAS (AJWx) | Date | October 4, 2010 |
|---|---|---|---|
| Title | ROCK RIVER COMMUNICATIONS, INC. v. UNIVERSAL MUSIC GROUP, INC. | | |

Insofar as plaintiff seeks an evidentiary hearing to make out a prima facie case that the *Noerr-Pennington* defense is a sham, the Court concludes that such a hearing is unnecessary. Burlington Northern makes clear that proof of a sham *Noerr-Pennington* defense does not in and of itself waive the attorney-client privilege. Hence, such a hearing will not yield the result for which plaintiff contends, namely a waiver of the attorney-client privilege. Moreover, the request for an evidentiary hearing is effectively a motion for reconsideration. Plaintiff has offered no reason for reconsidering the magistrate judge's January 12, 2010 order.

Moreover, at oral argument, counsel for plaintiff made clear that plaintiff was not asserting that the crime-fraud exception is applicable in this case. Consequently, to the extent Burlington Northern recognizes that the attorney-client privilege can be waived in the limited circumstances where the sham defense is a crime, it is irrelevant to the facts presented in this case.

To the extent that plaintiff seeks a preclusion order, it appears that such a request is effectively a premature motion in limine. The Court denies the request at this time.[2]

Finally, with regard to plaintiff's assertion that it was improperly prevented from questioning defendants' lawyer in the U.K., the Court hereby reopens discovery to permit plaintiff an opportunity to bring a motion to compel further testimony. The Court declines to extend the discovery cut-off for any other purposes.

**III.   CONCLUSION**

In light of the foregoing, the Court DENIES plaintiff's alternative motions. The Court further reopens discovery to permit plaintiff an opportunity to bring a motion to compel further testimony as outlined at the October 4, 2010 hearing on this motion.

---

[2]However, if at the time of the pretrial conference, plaintiff can establish that defendants may be relying upon documents as to which they claim privilege, the Court reserves the right to conduct a partial in camera review of some of the privileged documents if appropriate.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-635 CAS (AJWx) | Date | October 4, 2010 |
|---|---|---|---|
| Title | ROCK RIVER COMMUNICATIONS, INC. v. UNIVERSAL MUSIC GROUP, INC. | | |

|  | 00 | : | 17 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |